IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00700-GPG

JOHNNY LEE,

      Applicant,

v.

LOU ARCHULETA, Warden, F.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

## I. Background

Applicant Johnny Lee is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in

Cañon City, Colorado.  Applicant has filed an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 that challenges his conviction and sentence in State of

Colorado Criminal Case No. 01CR745.  In an order entered on April 21, 2015,

Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer

Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. §

2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if

Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed a Pre-Answer Response, ECF No. 14, on May 22, 2015.

Applicant filed a Reply, ECF No. 16, on June 16, 2015.  The Court then requested the

State Court Flat File on July 11, 2015, ECF No. 17, which was provided on July 23,

2015, ECF No. 18, to assist in completing an initial review.

Applicant raises ten claims in the Application as follows:

(1)  Use of uncharged misconduct evidence against Applicant to refute duress defense in violation of Fourteenth Amendment right to fair trial;

(2)  Use of jailhouse informant statements that Applicant had access to dynamite, grenades, and guns, which were not verified and in violation of Fourteenth Amendment right to fair trial;

(3)  Introduction of gang evidence in violation of Fourteenth Amendment right to due process and fair trial;

(4)  Failure to instruct on the theory of an endorsed defense of duress in violation of Fourteenth Amendment right to due process and fair trial;

(5)  No questioning during voir dire regarding bias to gang involvement because prosecution withdrew motion to introduce, but when door opened at trial to introduce gang involvement the result was a violation of Sixth and Fourteenth Amendment right to impartial jury;

(6)  Introduction by a witness of a prior conviction and probation during the charged offenses in violation of Fourteenth Amendment right to due process and fair trial;

(7)  Consideration of improper factors during sentencing that resulted in the aggravated sentencing range in violation of Fourteenth Amendment right to due process;

(8)  Ineffective assistance of counsel based on:

(i) Failure to have interpreter during cross-examination;

(ii) Failure to inquire regarding potential jurors bias towards gang members (*Martinez* issue);

(iii) Opened Door for gang member evidence (*Martinez*);

(iv) Failure to object to improper complicity instruction (*Martinez*);
(v) Failure to adopt the duress defense "in toto" by conducting sufficient investigations and

2

present an expert (*Martinez*);

(vi) Failure to challenge aggravated sentences pursuant to *Apprendi* and *Blakely* (*Martinez*);

(9)  Appellate counsel failed to raise discovery violation (*Martinez*); and

(10) Sentence is unconstitutional pursuant to *Graham v. Florida*, 130 S. Ct. 2011 (2010).

## II.  Analysis

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

Applicant was found guilty by a jury trial on August 29, 2001, of sexual assault as a complicitor and as a principal in Case No. 2001CR745 in the El Paso County District Court, Pre-Answer Resp., ECF No. 14-1, App. A at 5-8 and ECF No. 14-16, App. O  at 4.  Applicant filed a motion for new trial on September 13, 2001, which was denied by the trial court on September 14, 2001.  *See* ECF No. 14-1 at 24 and ECF No. 14-20, App. Q.  Applicant then was sentenced on November 28, 2001, to three thirty-six year terms for the sexual assault and kidnapping, to run consecutively, and to one sixteen year term for the conspiracy, to run concurrently, ECF Nos. 14-1 at 22 and 14-16 at 4.

Applicant appealed his convictions, the Colorado Court of Appeals (CCA) affirmed the conviction and sentence, ECF No. 14-16, and the Colorado Supreme Court (CSC) denied Applicant's petition for certiorari review on June 14, 2004, ECF No. 14-14, App. M.

3

Applicant then filed a Colo. R. Crim. P. 35(c) postconviction motion at the earliest on June 16, 2005, when he signed and dated the motion.  ECF No. 14-1 at 20 and Flat File, ECF No. 18, Vol. No. 4 at 1030.  The Rule 35(c) motion was denied on November 29, 2010.  *Id.* at 15, the CCA affirmed the denial on September 26, 2013, ECF No. 14-10, and certiorari review was denied on June 16, 2014, ECF No. 14-8.

The Court notes that Applicant filed a motion for production of all court records on July 8, 2014, and subsequently an attempt to apparently appeal the trial court's denial of the motion.  *See* ECF No. 14-1 at 11-12.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).  A motion for relief pursuant to Rule 35 tolls the statute of limitations if the state court treats the motion as a motion for postconviction relief, *Habteselassie*, 209 F.3d at 1213, and if the motion requests appointment of new counsel, seeks postconviction relief, and states adequate grounds for relief, *see Pursley v. Estep, et al.*, 216 F. App'x 733, 734 (10th Cir. 2007).

Since Respondents have provided the registry for the state criminal case at issue in this action, Case No. 2001CR745, and nothing on the register of actions, ECF No.

14-1at 7-8, or in Applicant's pleadings, ECF Nos. 1 and 16, indicates that this was a properly postconviction or collateral proceeding before the trial court, or treated as one by the court, no time from June 17, 2014, the day after the Rule 35(c) postconviction motion was final, through the date Applicant filed this action, is tolled pursuant to § 2244(d).

Applicant signed and dated the Application in this case on March 27, 2015. For purposes of this action, the mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir.2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir.2004)). In order to establish a timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing. *Id.* (citing *Ceballos–Martinez*, 387 F.3d at 1144–45). Applicant has not complied with either of the requirements in *Price*. The Court, therefore, finds the Application was filed on April 3, 2015, the date the Court received and filed the Application.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). *See* ECF No. 14 at 7-11. Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the following reasons, the Court will dismiss this action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d), and Applicant fails to demonstrate equitable tolling should apply.

Applicant had ninety days to petition the United States Supreme Court after the CSC denied his petition for certiorari review on June 14, 2004.  See Sup. Ct. R. 13.1. Therefore, Applicant's conviction became final September 13, 2004, when the time for seeking review in the United States Supreme Court expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); *see also* Sup. Ct. R. 30 (if last day of period is a Saturday the period is extended

until the end of the next day that is not a Saturday or Sunday or federal legal holiday; the ninetieth day, September 12, 2004, was on a Sunday).  Accordingly, for purposes of § 2244(d), time began to run on September 14, 2004, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

The time from September 14, 2004, the day after Applicant's conviction and sentence became final, until June 15, 2005, the day prior to when he signed and dated the Rule 35(c) postconviction motion, **275** days, is not tolled for the purpose of § 2244(d).  Also, the time from June 17, 2014, the day after the Rule 35(c) motion became final, until April 2, 2015, the day prior to when Applicant filed this action, **289** days, is not tolled for the purpose of § 2244(d).  Overall, **564** days are not tolled for the purpose of § 2244(d).  The action, therefore, is time barred.

Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. § 2244(d)(1)(C).  Applicant also does not assert that he could not have discovered the factual predicate of his claim through the exercise of due diligence.  § 2244(d)(1)D). Applicant, however, does assert that the state created an impediment to filing an application in violation of the Constitution or laws of the United States under § 2244(d)(1)(B).

Applicant contends that while he "was still within the time limitation set by § 2244(d)," his legal papers were seized by DOC investigators and held for a significant

period of time, due to the transfer of Mr. Vreeland, who was assisting Applicant and had his legal papers, to another facility after he told DOC staff that Applicant was attempting to have the victim in his criminal case murdered.  ECF No. 16 at 13-14.  Applicant further asserts that during the six to seven months his papers were held his mail and phone calls were monitored.  *Id.* at 14.

Because Applicant fails to assert why the legal papers held by DOC staff were necessary to pursue his federal claims, he fails to assert that an unconstitutional state action impeded him from filing a timely habeas petition or a petition for state postconviction relief.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir.2006) (rejecting a habeas petitioner's § 2244(d)(1)(B) argument because the petitioner "failed to explain why the documents held by the State were necessary to pursue his federal claim).  Applicant further fails to assert specifically what he did during the alleged six to seven months that he was denied access to his legal papers to pursue his claims and to seek return of the papers.  Applicant's only claim is a conclusory statement that he "repeatedly requested the return of his documents and was repeatedly told that he would only receive said when the investigation was complete."   ECF No. 16 at 14. Applicant, therefore, fails to meet the burden he has to state the specific steps he took to diligently pursue his claims during this time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (placing the burden on the petitioner to "provide[ ] . . . specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").  Applicant, therefore, has failed to demonstrate an impediment under § 2244(d)(1)(B).  Accordingly, the Application is time-barred unless it is subject to equitable tolling.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege with specificity the steps he took to pursue his federal claims.  *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Applicant contends that the one-year time limitation should be equitably tolled because (1) he was denied access to his legal materials and once the papers were returned to him he acted with due diligence and "filed shortly after the return of the seized items," ECF No. 16 at 14; (2) he was entitled to file a motion for reconsideration of his sentence and to effective assistance of counsel in pursuing this motion, gave specific instructions to his direct appeal attorney to file the motion, and his attorney had told him that he had done so, *id.* at 15; and (3) he is actually innocent, and now can provide testimony from a prosecution eye witness that the witness lied to obtain a deal and would now testify that Applicant did not participate in the attack, *id.* at 20.

For the reasons stated above, in denying tolling under § 2244(d)(1)(B), the Court will deny equitable tolling based on the denial of Applicant's legal papers.  Applicant fails to meet the burden of demonstrating that equitable tolling is appropriate, *see Miller*, 141 F.3d at 978, not only because he fails to assert why he needed the papers to proceed

9

with any postconviction proceeding or federal habeas action, but also because he fails to state the specific dates his legal papers were withheld and the dates that he requested the papers and his requests were denied.

As for appellate counsel's failure to file a motion for reconsideration of Applicant's sentence, Applicant clearly states that he was aware that the motion must be filed, that he specifically directed appellate counsel to do so and even provided him with the requisite information, and that counsel told him he had filed the motion.  ECF No. 16 at 15.  Yet, Applicant fails to state the date he directed counsel to file the motion and when and how many times he inquired of counsel about the status of the motion.  Applicant further does not state or provide any documentation of an attempt to inquire with the trial court, once appellate counsel allegedly would not respond to him, and was denied information about the status of any reconsideration motion that had been filed in the trial court.

Finally, it was not reasonable that Applicant waited a year before attempting to proceed with another postconviction motion and even more unreasonable that when he filed the Rule 35(c) motion he did not attempt to file an out-of-time Rule 35(b) motion based on appellate counsel's alleged "egregious misconduct."  Applicant, therefore, has not met the burden required to demonstrate equitable tolling based on counsel's actions.

Finally, a credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin v. Perkins*, — U.S. — ,133 S. Ct. 1924 (2013).  However, "tenable actual-innocence gateway pleas are rare."  *Id.* at *1928.  To be credible, a claim of actual innocence requires an applicant "to

10

support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at *1936 (applying actual innocence test in Schlup to one-year limitation period in § 2244(d)).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at *1936.

Applicant's innocence claim is speculative at best that one of the prosecution's eyewitness would testify that Applicant did not commit the offense for which he was convicted. His claim is not based on new reliable evidence under the *Schulp* standard; and nothing in *Schulp* suggests that Applicant is entitled to perform evidence gathering as part of a habeas action to obtain new reliable evidence so that he may proceed based on actual innocence. Applicant's argument falls far short of the showing that is necessary to support a credible claim of actual innocence under *Schulp*. Therefore, the Court finds no basis for an equitable exception to the one-year limitation period based on actual innocence. Applicant, therefore, has not met his burden to demonstrate extraordinary circumstances and due diligence that would support a finding of equitable tolling under *Holland*. *See Mack*, 509 F. App'x at 760.

The Court will dismiss this action with prejudice as time-barred. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).

### III.  Conclusion

Because the action clearly is time-barred, the Court will refrain from addressing whether the claims are exhausted.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __2nd__ day of ___September___, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court